**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MICHEL MIRANDA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1004-D** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Michel Miranda, a noncitizen[1] and Brazilian national proceeding pro se,

filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C.

§ 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United

States District Judge Timothy D. DeGiusti referred this matter to the undersigned

Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned set

an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the reasons set forth

below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and

order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a)

within five business days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.    <u>Background</u>

Petitioner, a citizen of Brazil, entered the United States at or near Miami, Florida on October 31, 2018, with a B2 visa.  Resp. at 3; Doc. 7-1 at 1 (Notice to Appear).  Petitioner's visa expired on December 5, 2018.  Resp. at 3.  Petitioner did not leave the country.

In February 2026, Petitioner was arrested for indent exposure in Comanche County, Oklahoma.  Resp. at 3.  On February 28, 2026, the Department of Homeland Security issued a warrant for Petitioner's arrest and notice of custody determination, which indicated Respondents intended to detain Petitioner.  *Id*.; Doc. 7-2 (Warrant for Arrest); Doc. 7-3 (Notice of Custody Determination).  Also on February 28, 2026, ICE placed Petitioner into removal proceedings before the Immigration Court through a Notice to Appear, and charged him under 8 U.S.C. § 1227(a)(1)(B) as a nonimmigrant who remained in the United States for longer than permitted in violation of law.  Doc. 7-1 at 1.  Petitioner alleges he was not notified of the reasons for his detention.  Pet. at 7.  Respondents assert he is detained pursuant to 8 U.S.C. § 1226(a)(1) and that he has not requested a bond redetermination hearing.  Resp. at 3-4.[2]

On April 28, 2026, Petitioner filed an Application for Asylum and for Withholding of Removal.  Resp. at 3; Doc. 7-4 (Asylum Application).  On May 12, 2026, an Immigration Judge ("IJ") ordered Petitioner removed.  Doc. 7-5 (IJ Order).  However, on May 26, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal

---

[2]  On the Notice of Custody Determination, neither the box requesting a custody redetermination hearing nor the box waiving a custody redetermination hearing are checked.  Doc. 7-3.

is currently pending. EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed July 14, 2026). Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 14, 2026).

## II.    Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of Fifth Amendment Due Process and 8 C.F.R. § 241.4(l)**. Petitioner alleges his re-detention without an interview or chance to respond to the reasons for re-detention violates his right to due process and 8 C.F.R. § 241.4(l). Pet. at 7. Petitioner also alleges his arrest violates the Fourth Amendment. *Id.*

- **Count II: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his detention violates Sections 236 and 287 of the INA as well as 8 C.F.R. § 287. Pet. at 7. He also alleges he was not served a copy of the arrest warrant. *Id.*

- **Count III: Violation of the INA.** Petitioner alleges his detention violates the INA because he was not offered an individualized bond hearing. *Id.* at 7-8.

He asks the Court to order his "immediate release through an Order of Supervision" or that he "be given a bond hearing." *Id.* at 8. Liberally construed, the Petition seeks a bond hearing pursuant to § 1226(a). Pet. at 7-8; *see also* Resp. at 1 (acknowledging same).

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through

3

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.     Analysis

### A.     Petitioner did not need to exhaust administrative remedies.

Respondents first argue Petitioner "has not filed an application for a bond redetermination hearing" and "thus has made no attempt to exhaust his administrative remedies." Resp. at 5. Respondents assert "exhaustion of administrative procedures is appropriate and should be required prior to this Court awarding relief." *Id.*

Exhaustion requirements, however, do not always apply to challenges to immigration detention brought in habeas proceedings. *See Soberanes*, 388 F.3d at 1310. While generally "the exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief," "the statute itself does not expressly contain such a requirement." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) (citation modified). Nor does 8 U.S.C. § 1226(a) contain any express exhaustion requirement. *See Salvador F.-G. v. Noem*, No. 25-CV-0243, 2025 WL 1669356, at *6 (N.D. Okla. June 12, 2025) ("[Section] 1226 contains no clear rule that requires exhaustion of administrative remedies."); *see also, e.g.*, *Becerra-Paredes v. Noem*, No. 26-CV-0549, 2026 WL 1284139, at *7 (D.N.M. May 11, 2026) (R&R) ("Neither the INA nor § 2241 expressly imposes a statutory exhaustion requirement for noncitizens challenging the legality of their detention."); *Repela v. ICE Field Off. Dir. - Denver Field Off.*, No. 26-CV-00552, 2026 WL 776123, at *2 (D. Colo. Mar. 19, 2026) (finding "neither the statutory language of § 1226 nor the habeas statute" expressly contains an exhaustion requirement, while recognizing 8 C.F.R. §§ 236.1(d)(1)

4

and § 1003.19 "permit" a petitioner detained under § 1226(a) to request a bond hearing before entry of a final order of removal).

In the context of an immigration habeas matter, "exhaustion is typically nonjurisdictional, and courts treat a rule as jurisdictional only if Congress clearly states that it is." *Salvador F.-G.*, 2025 WL 1669356, at *6 (citation modified); *accord Gonzales v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (explaining administrative exhaustion applies to challenges of final orders of removal but not to challenges to preliminary custody or bond determinations). "Where Congress has not clearly required exhaustion," making it nonjurisdictional, "sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992), *superseded by statute on other grounds as stated in Woodford v. Ngo*, 548 U.S. 81 (2006) (citation modified); *see also L.G. v. Choate*, 744 F. Supp. 3d 1172, 1181 (D. Colo. 2024) ("When Congress does not require exhaustion in the statute then the district court has discretion to decide if administrative exhaustion is required.").

As such, "even though a noncitizen detained pursuant to § 1226 *may* request a bond hearing, they are not *required* to do so before they can pursue § 2241 habeas relief." *Repela*, 2026 WL 776123, at *2; *see also Sergio R.V.-P. v. Mullin*, No. 26-CV-02361, 2026 WL 1727869, at *5 (D. Minn. May 29, 2026) (R&R) (recommending denial of government's failure-to-exhaust argument "given Respondents' concession that § 1226 applies and representation that Petitioner is entitled to a bond hearing, Petitioner's request for a bond hearing if he is not ordered released, and the due process considerations at stake") (citation modified), *adopted*, 2026 WL 1725810 (D. Minn. June 15, 2026). This is also consistent with district courts in the Tenth Circuit consistently using "sound judicial

5

discretion to find exhaustion unnecessary" for noncitizens seeking a bond hearing. *Molina Ochoa v. Noem*, No. CIV 25-0881, 2026 WL 1256556, at *44-45 (D.N.M. May 7, 2026) (concluding petitioner "does not need to exhaust administrative remedies" before seeking a bond hearing when respondents argued petitioner was detained under § 1225(b)(2)).

In sum, the undersigned is "not convinced that Petitioner is required to exhaust his administrative remedies before the Court can order habeas relief." *Repela*, 2026 WL 776123, at *2. When neither § 2241 nor § 1226(a) clearly requires exhaustion, the undersigned recommends the Court exercise its judicial discretion and conclude Petitioner was not required to request a bond redetermination hearing before filing his Petition.

### B. It is undisputed Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1226(a) generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Liberally construed, Petitioner alleges he is properly detained under § 1226(a) and entitled to a bond hearing under that provision. Pet. at 7. Respondents do not dispute Petitioner is properly detained under § 1226(a). Resp. at 1, 4-5.[3]

---

[3] Respondents, though, allege Petitioner failed to exhaust his administrative remedies, which the undersigned addressed in Section IV(A) *supra*.

The Tenth Circuit recently confirmed § 1226(a) applies to govern detention of noncitizens like Petitioner.  *Santillan Quiroz v. Mullin*, --- F.4th ---, No. 26-6019, 2026 WL 1876709, at *4-17 (10th Cir. June 30, 2026).  In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at *7 (citation modified).  Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  *Id.* at *5.  Therefore, based on Respondents' acknowledgment that § 1226(a) applies, Tenth Circuit precedent, and this Court's prior reasoning in *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025), the Court should apply § 1226(a) to govern Petitioner's current detention.

C.      **The proper remedy is a bond hearing.**

Petitioner seeks his "immediate release through an Order of Supervision" or requests that he "be given a bond hearing."  Pet. at 8.  The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a).  *See Santillan Quiroz,* 2026 WL 1876709 at *17 n.13; *see also Bohorquez Bravo v. Lyons*, No. CIV-26-912-R, 2026 WL 1896141, at *1 (W.D. Okla. July 1, 2026) (citing *Santillan Quiroz* and concluding "the appropriate remedy is a bond hearing").  Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under

§ 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.[4]

**D.      The Court should decline to address Petitioner's remaining claims.**

Petitioner also argues his continued detention without a bond hearing violates the Fourth Amendment, 8 C.F.R. § 241.4, and his rights to due process.  Pet. at 7.  If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends that the Court decline to decide the merits of the remaining claims based on his continued detention.  *See, e.g.*, *Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.").[5]

---

[4] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing.  *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an IJ); *Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an IJ previously ordered bond).

[5] To the extent Petitioner alleges he was arrested without a warrant, Respondents provided the Court with the warrant for his arrest dated February 28, 2026.  Doc. 7-2 (Warrant for Arrest).  Further, to the extent Petitioner alleges Respondents violated 8 C.F.R. § 241.4(l) when they failed to provide him an interview or opportunity to respond to the reasons for re-detention, that regulation governs the detention of noncitizens subject to a final order of removal and beyond the removal period—not those like him whose immigration proceedings are ongoing.  *See Kumar v. Mullin*, 2026 WL 1139601, at *2 (D. Colo. Apr. 24, 2026) ("The release and revocation of release of noncitizens subject to a final order of removal is governed by 8 C.F.R. §§ 241.4 and 241.13.") (citation modified).

## V.   Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **July 17, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **July 22, 2026**. *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 14th day of July, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE