**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MICHEL MIRANDA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1004-D |
| | ) | |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Michel Miranda filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Brazil who entered the United States on October 31, 2018. [Doc. No. 9, at p. 2]. Petitioner was re-detained by the U.S. Immigration and Customs Enforcement (ICE) on or about February 28, 2026, and his removal proceedings are ongoing. [Doc. No. 9, at p. 2-3]. He is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma. [Doc. No. 1, at p. 1].

Petitioner is detained pursuant to 8 U.S.C. § 1226. [Doc. No. 1, at p. 7], [Doc. No. 7, at p. 1]. Petitioner alleges that he has not received a bond hearing since his re-detention by ICE. Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a). [Doc. No. 1, at p. 8].

The matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. On July 14, 2026, Judge Stephens issued a Report and Recommendation [Doc. No. 9], recommending that the Court grant in part the Petition and order Respondents to provide

Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). *Id.* Respondents filed a timely Objection to Report and Recommendation, asserting that Petitioner is detained under 8 U.S.C. § 1226, but has not received a bond hearing because he has not requested one. [Doc. No. 10]. Respondents argue in conclusory fashion that the Petition should be denied because Petitioner has not exhausted the administrative procedures for obtaining a bond hearing, but provide no legal authority in support of their assertion. *Id.*

The Court agrees with Judge Stephens' conclusion that Petitioner is not required to request a bond redetermination hearing before filing his Petition. Indeed, as Judge Stephens explained, exhaustion requirements do not always apply to challenges to immigration detention brought in habeas proceedings. *See Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). While generally "the exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief," "the statute itself does not expressly contain such a requirement." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) (citation modified). Nor does 8 U.S.C. § 1226(a) contain an express exhaustion requirement. *See Salvador F.-G. v. Noem*, No. 25-CV-0243, 2025 WL 1669356, at *6 (N.D. Okla. June 12, 2025) ("[Section] 1226 contains no clear rule that requires exhaustion of administrative remedies."); *Repela v. ICE Field Off. Dir. – Denver Field Off.*, No. 26-CV-00552, 2026 WL 776123, at *2 (D. Colo. Mar. 19, 2026) (finding "neither the statutory language of § 1226 nor the habeas statute" expressly contains an exhaustion requirement, while recognizing 8 C.F.R. §§ 236.1(d)(1) and § 1003.19 "permit" a petitioner detained under § 1226(a) to request a bond hearing before entry of a final order of removal).

Accordingly, § 1226(a) controls Petitioner's detention, and he is therefore entitled to a bond hearing. *See Santillan Quiroz*, 180 F.4th at 1251 n. 13 (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 9] is **ADOPTED in part**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

**IT IS SO ORDERED** this 17th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Given this determination, the Court declines to address Petitioner's remaining claims at this time.